IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN PORTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0016 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a prison disciplinary proceeding and the resultant loss of an unidentified number of days of previously accrued good time credits. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner was still incarcerated at the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his application, petitioner contends he is eligible for mandatory supervised release and, although he did not identify the number of earned good time credits lost, contends he lost previously earned good time credits.

Petitioner is currently in respondent's custody pursuant to a May 5, 2003 conviction for the

3rd degree felony offense of aggravated assault of a peace officer and the resultant 8-year sentence. Petitioner is also in respondent's custody pursuant to a May 5, 2003 conviction for the 1st degree felony offense of robbery and the resultant 10-year sentence. Petitioner is eligible for mandatory supervised release on his 8-year sentence for his 3rd degree aggravated assault conviction. However, petitioner is <u>not</u> eligible for mandatory supervised release on his 10-year sentence for his 1st degree robbery conviction. (On the date petitioner committed the offense, *i.e.*, December 25, 2001, a prisoner serving a sentence for robbery could not be released to mandatory supervision. Tex. Gov't Code Ann. § 508.149(a)(11) (Vernon 2001)). Inquiry to the Records Division of the Texas Department of Criminal Justice, Correctional Institutions Division, reveals petitioner's projected release date on his aggravated assault sentence is January 10, 2010. Petitioner's release on this sentence, however, even if to mandatory supervision, will not result in his earlier release from confinement as petitioner will still be incarcerated on the non-mandatory supervision eligible 10-year sentence for his robbery conviction.[1] As the reinstatement of any previously accrued good time forfeited as a result of the disciplinary proceeding would not automatically entitle petitioner to accelerated release from confinement, petitioner has no liberty interest at issue in this case. As petitioner's alleged errors will not affect his duration of confinement, he is not entitled to any federal habeas corpus relief.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MARTIN PORTILLO be DENIED.

---

[1] Petitioner's projected release date on the robbery offense is February 20, 2013, the same date as his maximum sentence.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of February 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).