IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN PORTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0016 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner MARTIN PORTILLO, a state prisoner currently confined in the Clements Unit in Potter County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is currently confined pursuant to two (2) May 5, 2003 convictions and sentences out of Maverick County, Texas:

    Aggravated assault of a peace officer[1]    8-year sentence
    April 28, 1994 offense date

    Robbery[2]    10-year sentence
    December 25, 2001 offense date

---

[1] Petitioner was charged by indictment with aggravated assault on a police officer. Petitioner pled guilty and was placed on deferred adjudication probation. On May 5, 2003, petitioner's probation was revoked and he was assessed the 8-year sentence. Petitioner did not appeal either the deferred adjudication or the adjudication of guilt.

[2] Petitioner was charged by indictment with robbery with a deadly weapon. Petitioner pled guilty to the lesser included offense of robbery and was assessed the 10-year sentence. Petitioner did not appeal his conviction or sentence.

By his habeas application, petitioner challenged a June 23, 2006 prison disciplinary proceeding[3] which took place at the Clements Unit, and the resultant loss of an unidentified number of days of previously accrued good time credits. In his application, petitioner asserted the disciplinary proceeding was in violation of his constitutional rights because:

1. The disciplinary case was not dismissed as the ranking officer suggested;

2. There was insufficient evidence to show petitioner's required medical statement was a threat to inflict harm on the medical staff;

3. Petitioner's counsel substitute denied petitioner effective representation because counsel substitute:

   a. Did not investigate;
   b. Allowed the case to be brought as a major disciplinary case rather than a minor disciplinary case;
   c. Allowed major disciplinary punishment to be imposed.

4. Petitioner was denied assistance in filing his grievances challenging the disciplinary ruling and in appealing the disciplinary ruling to this Court.

On February 6, 2007, the undersigned entered a Report and Recommendation to deny petitioner's habeas application, making the following findings:

> Petitioner is eligible for mandatory supervised release on his 8-year sentence for his 3rd degree aggravated assault conviction. However, petitioner is not eligible for mandatory supervised release on his 10-year sentence for his 1st degree robbery conviction. (On the date petitioner committed the offense, *i.e.*, December 25, 2001, a prisoner serving a sentence for robbery could not be released to mandatory supervision. Tex. Gov't Code Ann. § 508.149(a)(11) (Vernon 2001)). Inquiry to the Records Division of the Texas Department of Criminal Justice, Correctional Institutions Division, reveals petitioner's projected release date on his aggravated assault sentence is January 10, 2010. Petitioner's release on this sentence, however, even if to mandatory supervision, will not result in his earlier release from confinement as petitioner will still be incarcerated on the non-mandatory supervision

---

[3]Petitioner was found guilty of a Code 4, Level 1 disciplinary offense, to wit: threatening to inflict harm on medical staff.

eligible 10-year sentence for his robbery conviction.[4] As the reinstatement of any previously accrued good time forfeited as a result of the disciplinary proceeding would not automatically entitle petitioner to accelerated release from confinement, petitioner has no liberty interest at issue in this case. As petitioner's alleged errors will not affect his duration of confinement, he is not entitled to any federal habeas corpus relief.

On February 16, 2007, petitioner filed objections to the Report and Recommendation asserting:

1. Petitioner is, in fact, eligible for mandatory supervision because his "time slips" indicate he is a mandatory supervision prospect;

2. Petitioner's convictions should have been non-aggravated offenses;

3. Petitioner's 10-year sentence for 1st degree robbery is in violation of his original plea agreement;

4. Petitioner's disciplinary conviction should be overturned because a TDCJ-CID officer acknowledged to petitioner that he was "wrote up wrong" with regard to the disciplinary proceeding.

On February 26, 2007, the undersigned ordered respondent to answer petitioner's habeas application as well as the claims raised in his objections.

On June 6, 2007, respondent filed an answer arguing petitioner's claims regarding his disciplinary case should be dismissed with prejudice because he fails to state a cognizable claim for federal habeas corpus relief, and that his remaining claims should be dismissed as time-barred and for failure to exhaust state court remedies. On June 8, 2007, respondent provided the Court with state court papers reflecting petitioner's underlying convictions, his disciplinary proceeding and his disciplinary grievance record.

---

[4] Petitioner's projected release date on the robbery offense is February 20, 2013, the same date as his maximum sentence.

# I.
# PREVIOUS FINDING AND RECOMMENDATION

Upon review of the state court records provided by respondent, the undersigned affirms the previous finding that petitioner does not have a liberty interest in his good time. As the reinstatement of any previously accrued good time forfeited as a result of the disciplinary proceeding will not automatically entitle petitioner to accelerated release from confinement or otherwise inevitably affect his duration of confinement, petitioner has no liberty interest at issue in this case and is not entitled to any federal habeas corpus relief.

# II.
# SUPPLEMENTAL FINDINGS

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, <u>at a minimum</u>, be eligible for mandatory release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). The disciplinary proceeding records provided by respondent reflect petitioner did not lose any previously accrued good time credits as a result of the disciplinary proceeding herein challenged. Consequently, petitioner is not entitled to federal habeas corpus relief in the form of overturning petitioner's disciplinary conviction.

# III.
# ADDITIONAL ALLEGATIONS

In his objections, petitioner appears to assert the following additional allegations:

1. Petitioner is, in fact, eligible for mandatory supervision because his "time slips" indicate he is a mandatory supervision prospect;

2. Petitioner's convictions should have been non-aggravated offenses;

3. Petitioner's 10-year sentence for 1st degree robbery is in violation of his original plea agreement;

4. Petitioner's disciplinary conviction should be overturned because a TDCJ-CID officer acknowledged to petitioner that he was "wrote up wrong" with regard to the disciplinary proceeding.

Although the Court typically refuses to consider new claims raised in pleadings other than a supplemental or amended petition, respondent has addressed these claims. Therefore, the Court will consider the propriety of these additional claims.

## IV.
## EXHAUSTION OF STATE REMEDIES

Petitioner's newly asserted claims no. 2-4 are unexhausted either at the administrative level or at the state court level.[5] *See* 28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). Specifically, petitioner did not present his new disciplinary proceeding claim through the TDCJ-CID grievance process, nor has he presented his claims challenging the propriety of his convictions or the perceived violation of his original plea agreement to the Texas Court of Criminal Appeals, the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45.[6] Therefore, the state has not had an opportunity to review and determine the merits of petitioner's claims. Consequently, petitioner's claims have not been exhausted and his federal habeas petition is subject to summary dismissal. As

---

[5] Again, as petitioner did not lose any previously accrued good time and because he has no liberty interest in good time credits, petitioner's new claim concerning his disciplinary proceeding cannot be afforded habeas corpus relief.

[6] Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

the record now exists, it is the opinion of the Magistrate Judge that petitioner's new claims must be dismissed for failure to exhaust.

V.
TIMEBAR

Petitioner's claims that his offenses should be non-aggravated[7] and that his original plea agreement was breached are being raised more than one year after his convictions were final. Consequently, petitioner's new claims are time barred.

VI.
PETITIONER'S REMAINING NEW CLAIM

Petitioner argues his time slips show he is eligible for mandatory supervision. Although petitioner did not provide the Court with any copies of his time slips, it is entirely plausible that petitioner's time slips do, in fact, reflect he is eligible for mandatory supervision. The Court has previously found that petitioner is eligible for mandatory supervision on his 1994 offense for aggravated assault of a peace officer, and the resultant conviction and 8-year sentence in 2003. Petitioner is not, however, eligible for mandatory supervision on his 2001 robbery offense, and the resultant conviction and 10-year sentence in 2003. Since petitioner will continue to be confined on the non-mandatory eligible 10-year robbery sentence <u>after</u> any "release" to mandatory supervision on the 8-year aggravated assault on a peace officer sentence, reinstatement of any forfeited good time credits will not affect the duration of petitioner's confinement. Consequently, petitioner does not have a liberty interest in his good time credits sufficient to entitle him to habeas corpus relief.

---

[7]The Court notes that while petitioner is confined pursuant to aggravated assault of a peace officer, such conviction was a 3rd degree felony at the time petitioner committed the offense on April 28, 1994 and is a mandatory eligible offense. Further, petitioner is also confined pursuant to the offense of robbery, not aggravated robbery. Neither conviction contained a deadly weapon finding.

# VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner MARTIN PORTILLO be DENIED.

# VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of February 2009.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).