**FILED**
**SEPTEMBER 17, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN PORTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0016 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL

This case has been remanded by the Fifth Circuit Court of Appeals with instructions to consider petitioner's May 6, 2009 motion for more time as a request for an extension of time to appeal. Pursuant to Federal Rule of Appellate Procedure 4(a)(5), this Court may extend the time to file a notice of appeal if the moving party moves no later than thirty (30) days after the time prescribed by Rule 4(a) expires, and shows excusable neglect or good cause. In this case, judgment was entered March 20, 2009. To be timely, Portillo's notice of appeal would have to have been filed within thirty (30) days of that date, or on or before April 20, 2009. Petitioner Portillo filed his motion for an extension of time May 6, 2009, although he dated such motion April 24, 2009 and although the envelope containing the notice was postmarked May 5, 2009. Since the motion for an extension of time was filed within thirty (30) days after the time prescribed by Rule 4(a) expired, his motion for extension of time is timely. *See* FED. R. APP. P. 4

(a)(5)(A). Even if the motion is filed within the proper time frame, however, it cannot be granted unless the petitioner demonstrates excusable neglect or good cause for his failure to timely file the notice of appeal. *Id.*; *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002).

The determination as to whether petitioner has shown excusable neglect or good cause is an equitable one, taking into account all of the relevant circumstances surrounding petitioner's omission. Factors include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the petitioner, and whether petitioner acted in good faith. *Dunn*, 302 F.3d at 493 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

In the motion, petitioner Portillo stated he needed additional time to file a motion for reconsideration with additional facts. Portillo further stated he was proceeding without assistance and had limited access to the law library. Petitioner then stated he had requested the address of the Fifth Circuit in order to prepare an appellate brief and requested "more time" and asked the Court to "provide the addresses needed to file the appropriate briefs for appeal."

The Court has considered the following in determining whether petitioner has shown excusable neglect or good cause. First, petitioner has not argued good cause for failing to file a timely notice of appeal with this Court. Petitioner's purported inability to obtain the address of the Fifth Circuit Court of Appeals in no way hindered his access to <u>this</u> Court in order to file notice of appeal. The lack of access to the law library is not good cause for failure to file a timely notice of appeal as an appeal will not be dismissed for informality of form or title of the notice of appeal. *See* FED. R. APP. P. 3(c)(4). Any pleading indicating an intent to appeal would

have been construed as a notice of appeal.

Second, petitioner was denied federal habeas relief based upon the determination he had no liberty interest in good time credits, did not lose any previously accrued good time credits as a result of the prison disciplinary proceeding he challenged, had not exhausted certain claims, and was time barred as to another claim. Petitioner did not file any objections challenging the Report and Recommendation entered by the United States Magistrate Judge setting forth the reasons for denial of habeas relief. Consequently, petitioner is barred, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in the Report and Recommendation and adopted by the District Judge. Consequently, prejudice to petitioner is virtually non-existent.

Petitioner has not demonstrated good cause or excusable neglect as to why an extension of time to file his notice of appeal should be granted. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petitioner's motion for an extension of time to file a notice of appeal be DENIED.

IT IS SO RECOMMENDED.

ENTERED this 17th day of September, 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).